United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK BRANDON PICARD,<br><br>    Plaintiff,<br><br>    v.<br><br>ABC LEGAL SERVICES, INC., et al.,<br><br>    Defendants. | Case No. 5:14-cv-04618-RMW<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 28 |

This case arises out of plaintiff's allegations that defendants engaged in "sewer service," a practice whereby a proof of service is filed in court stating that a party has been served when in reality no service has occurred. As a result of the falsified proof of service, default and default judgment are entered against the unaware party. Plaintiff asserts that he is a victim of defendants' "sewer service." Defendant ABC Legal Services, Inc. ("ABC") moves for summary judgment on plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq., and Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civil Code § 1788 et seq. claims. Dkt. No. 28 ("Mot."). For the reasons explained below, the court DENIES the motion for summary judgment.

## I. BACKGROUND

Plaintiff Derek Picard ("Picard") allegedly incurred consumer debt issued by Citibank, N.C. Dkt. No. 1 ("Compl.") at ¶ 44. Picard defaulted on the debt, and the debt was transferred to Unifund CCR, LLP for collection. *Id.* at ¶ 46. The debt was then assigned to the Law Offices of Kenosian & Meile, LLP ("The Law Offices") for collection. *Id.* at ¶ 47. The Law Offices filed a lawsuit against Picard in the Superior Court of Santa Clara County, captioned *Unifund CCR, LLC v. Derek Picard, et al.*, and assigned Case No. 1-13-CV-253764, in an attempt to collect the defaulted consumer debt. *Id.* at ¶ 48. The Law Offices hired ABC, and ABC contracted with Marcos Tejada ("Tejada") to serve legal process in the state court action. *Id.* ¶ 49. Picard alleges that defendants filed a fraudulent Proof of Service of Summons in connection with the state court action. *Id.* at ¶ 52. Picard submits that defendants' fraudulent filing constituted a violation of both the FDCPA and RFDCPA.

Picard alleges that a process server (presumably Tejada) came to the home of his brother Adam and attempted to serve Derek Picard at that address. Picard's brother Adam filed a declaration stating that Picard never lived at the brother's address, and that "a man came to our door asking for my brother, Derek. I informed the man that Derek did not live at my address. The man did not leave any papers with me for Derek. The man never came back, and no other person has come to my home to give papers to Derek." Dkt. No. 34 ("Adam Picard Decl.") at ¶¶ 4-6.

On February 11, 2014, four months after defendants composed and filed an allegedly false Proof of Service of Summons in the state court action, The Law Offices requested and was granted a Default Judgment by the Clerk of the Superior Court based on defendants' false process server's return. Compl. at ¶ 58. "On or about July 11, 2014, Plaintiff was required to file, at his own expense, a Motion to Set Aside the state court Entry of Default and Default Judgment that had been entered against Plaintiff in the state court action based on Defendants' false Proof of Service of Summons. On or about August 7, 2014, the state court set aside and vacated the Entry of Default and Default Judgment against Plaintiff by stipulation of the parties." *Id.* at ¶¶ 61-62.

2
5:14-cv-04618-RMW
ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Picard further alleges that "Defendants have composed and sold false and misleading <u>Proof of Service of Summons</u> documents in the form of Exhibit '1' more than 40 times in California in the one year preceding the filing of this Complaint." *Id.* at ¶ 68. No evidence has been offered supporting this allegation but plaintiff has not undertaken discovery.

Picard brings this action seeking relief under the FDCPA and the RFDCPA. Defendant ABC seeks summary judgment based upon its contention that it cannot be held liable as a matter of law under the FDCPA or RFDCPA.

## II. ANALYSIS

### A. Defendant's Arguments

In support of its motion for summary judgment, defendant ABC argues that, as a matter of law, neither it nor Tejada is a debt collector under the FDCPA, and even if they were deemed to fit the definition of a debt collector, they are exempt because the FDCPA's process server exclusion protects them from liability. Defendant further argues that under the RFDCPA they are similarly not debt collectors, and, in any event, they are shielded from liability by California's litigation privilege set forth in Cal. Civil Code § 47(b). Finally, defendant argues that Picard was validly served such that there has been no violation of the FDPCA or RFDCPA.

As explained in more detail below, defendant ABC's legal arguments fail for reasons explained in prior cases from this district. *See Freeman v. ABC Legal Servs. Inc.*, 827 F. Supp. 2d 1065 (N.D. Cal. 2011); *Ansari v. Elec. Document Processing Inc.*, No. 5:12-CV-01245-LHK, 2013 WL 4647621 (N.D. Cal. Aug. 29, 2013); *Long v. Nationwide Legal File & Serve, Inc.*, No. 12-CV-03578-LHK, 2013 WL 5219053 (N.D. Cal. Sept. 17, 2013). Defendant's additional argument is that it makes no difference whether defendants are debt collectors or are protected by California's litigation privilege because Picard was properly served. Defendant's argument fails, however, because there are material facts in dispute over whether Picard was validly served. Accordingly, the court DENIES the motion for summary judgment.

3
5:14-cv-04618-RMW
ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### B. Legal Standard on Summary Judgment

Summary judgment is appropriate if, viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmoving party, there are no genuine disputed issues of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable trier of fact to decide in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "If the evidence is merely colorable, or is not significantly probative," the court may grant summary judgment. *Id.* at 249–50 (citation omitted). At the summary judgment stage, the court "does not assess credibility or weigh the evidence, but simply determines whether there is a genuine factual issue for trial." *House v. Bell*, 547 U.S. 518, 559–60 (2006).

The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *Celotex*, 477 U.S. at 323. To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000) (citation omitted). Once the moving party has satisfied its initial burden of production, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact. *Id.* at 1103.

### C. Defendants are Debt Collectors Under the FDCPA and the RFDCPA

#### 1. Debt Collector Under FDCPA

"In order to state a claim under the FDCPA, a plaintiff must show: 1) that he is a consumer; 2) that the debt arises out of a transaction entered into for personal purposes; 3) that the defendant is a debt collector; and 4) that the defendant violated one of the provisions of the FDCPA." *Freeman*, 827 F. Supp. 2d at 1071. Defendant ABC does not dispute that Picard is a

consumer and that his debt was for personal purposes. It also acknowledges that it and Tejada are process servers, but disputes that they should be considered debt collectors. Mot. at 5-6; Dkt. No. 32 ("Carrigan Decl.") at ¶ 6 ("ABC Legal Services, Inc.'s business is divided into three primary categories: (1) service of process; (2) messenger services; (3) Court Filing documents . . .").

The FDCPA defines a "debt collector" as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). ABC, by serving process for actions seeking to collect debts and preparing and filing proofs of service on behalf of creditors, is, at a minimum, collecting or attempting to collect, "*directly or indirectly*, debts owed or due or asserted to be owed or due another." *Id.* (emphasis added); *Freeman,* 827 F.Supp. 2d at 1072-3; *see Long,* 2013 WL 5219053, at *14 (finding process server was a debt collector, and noting "[t]he language and the legislative history of the FDCPA suggest that an entity qualifies as a 'debt collector' if it regularly performs debt collection services, regardless of what percentage of its services relate to debt collection."). Therefore, ABC and Tejada are debt collectors unless they are exempt under what has been described as the "process server exemption."

**2. The Process Server Exemption in the FDCPA**

The fact that the FDCPA specifically exempts process servers from the definition of debt collectors bolsters the conclusion that, without this exemption, the service of legal process in debt collection actions would be considered a form of debt collection under the FDCPA. However, defendant ABC argues that regardless of whether defendants are debt collectors, the exemption applies and defendants are exempt from liability under the FDCPA. The exemption provides that the term "debt collector" "does not include ... any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt." 15 U.S.C. § 1692a(6)(D).

Picard asserts that the defendants are not protected by the exemption because, although they never properly served Picard, they filed with the court a false affidavit saying they had served him.

> Courts have held that the process server exception does not apply in cases where the plaintiffs can show that the defendants were not bona fide process servers. *See Freeman v. ABC Legal Services, Inc.,* 827 F.Supp.2d 1065, 1073 (N.D.Cal.2011); *Flamm v. Sarner & Associates, P.C.,* No. 02–4302, 2002 WL 31618443, at *5 (E.D.Pa. Nov. 6, 2002); *Holmes v. Electronic Document Processing,* No. 12–CV–06193–LHK, at *5–6 (N.D.Cal. Aug. 15, 2013). Specifically, when a process server files a false service of process, then their actions "take[ ]them beyond their role as process servers and render [ ] them ineligible for the [process server] exception." *Spiegel v. Judicial Atty. Servs.,* No. 09–7163, 2011 WL 382809, at *1 (N.D.Ill. Feb. 1, 2011).

*Ansari,* 2013 WL 46472 at *7.

In *Freeman*, the court directly dealt with the issue of whether ABC was acted within the protection of the process server exemption when it engaged in sewer service:

> This Court finds that Plaintiff has sufficiently pled that Defendants' actions were those of a "debt collector" as defined by the FDCPA. Plaintiff's statement that "sewer service" occurred forty other times is sufficient to properly allege that Defendants "regularly" engage in debt collection activity under the FDCPA. Furthermore, like *Romine,* ABC's purported advertising and marketing of process service to debt collectors, *see* FAC ¶ 21, suggests they target at least some of their service of legal process to assist debt collectors in their debt collection actions. ABC's "sewer service" facilitates and aids debt collectors.

*Freeman*, 827 F. Supp. 2d at 1072-73.

Plaintiff also maintains that defendants were not acting as process servers because they allegedly "manufactured and sold" false proofs of service to debt collectors with the goal of obtaining default judgments against the debtors and preventing the debtors from contesting the state court suit. Compl. ¶ 21. In support of this contention, Picard alleges that ABC "knowingly promotes" its process servers to engage in false reports of service through its fee payment systems. Compl. ¶¶ 63-65. Picard argues that ABC engaged in this conduct with the intent of coercing

debtors such as him into paying their debts in violation of the FDCPA.

The cases cited by Picard involve motions to dismiss where mere allegations can prevent dismissal. Here, we are dealing with ABC's motion for summary judgment. Picard's allegations that ABC engaged in "sewer service" lack evidentiary support and, therefore, cannot be used to defeat summary judgment. However, Picard is entitled to do some limited discovery to develop evidentiary support for his allegations which the court assumes were made in accordance with Federal Rule of Civil Procedure 11. *See* Opp. at 13 (requesting discovery under Rule 56(d)).

### 3. Debt Collector Under RFDCPA

The RFDCPA defines a "debt collector" as "any person who, in the ordinary course of business, regularly, on behalf of . . . others, engages in debt collection. The term includes any person who composes and sells, or offers to compose and sell, forms, letters, and other collection media used or intended to be used for debt collection. . . . Cal.Civ. Code §1788.2(c). The term "debt collection" means any act or practice in connection with the collection of consumer debts. Cal.Civ. Code §1788.2(b). ABC and Tejada perform acts in connection with the collection of debts. There is no exemption for process servers under the RFDCPA.

### D. California's Litigation Privilege

Defendants contend that California's litigation privilege bars Picard's state law claim under the RFDCPA. *See* Mot. at 6. Under California law, publications made in the discharge of an official judicial duty are privileged and cannot be the basis for the imposition of legal liability. Cal. Civ. Code § 47(b). Defendants argue that the alleged filing of a false proof of service is privileged and therefore that Picard may not use that filing against defendants.

The California Supreme Court has held that the litigation privilege "applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1057 (2006). "The purposes of section 47, subdivision (b), are to afford litigants and witnesses free access to the

7
5:14-cv-04618-RMW
ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

courts without fear of being harassed subsequently by derivative tort actions, to encourage open channels of communication and zealous advocacy, to promote complete and truthful testimony, to give finality to judgments, and to avoid unending litigation." *Komarova v. Nat'l Credit Acceptance, Inc.*, 175 Cal. App. 4th 324, 336 (2009) (quoting *Rusheen*, 37 Cal. 4th at 1063) (internal quotation marks omitted).

Applying the privilege, the California Supreme Court in *Rusheen* struck an abuse of process claim and held that, "where the gravamen of the complaint is a privileged communication (allegedly perjured declarations of service) the privilege extends to necessarily related acts (act of levying)." *Rusheen,* 37 Cal. 4th at 1062.

The California Court of Appeal, however, has recognized that "the [litigation] privilege cannot be used to shield violations of the [RFDCPA]." *Komarova*, 175 Cal. App. 4th at 337. The Court of Appeal in *Komarova* recognized that there is a split of authority among federal district courts with respect to whether the litigation privilege bars RFDCPA claims. *See id*. at 337. The Court of Appeal in *Komarova* adopted the majority view among the federal district courts that if the litigation privilege and RFDCPA conflict, then the RFDCPA must prevail. *Id.* at 337–38; *see also Cabral v. Martins*, 177 Cal. App. 4th 471, 488 (2009) (approving of the "methodology" in *Komarova* and extending the reasoning to analyze whether a different California statute prevails over the litigation privilege). The Court of Appeal reasoned that applying the litigation privilege in favor of the RFDCPA "would effectively vitiate the Rosenthal Act and render the protections it affords meaningless." *Id*. at 338. As a result, the Court of Appeal "applie[d] the familiar principle of statutory construction that, in cases of irreconcilable conflict, the specific statute prevails over the general one" and exempts the RFDCPA from protections of the litigation privilege. *Id.* (quoting *Oie v. N. Star Capital Acquisitions, L.L.C.*, 486 F. Supp. 2d 1089, 1100 (C.D. Cal. 2006)); *see also Ansari,* 2013 WL 4647621 at *9-10.

Defendants acknowledge *Komarova*, but argue that *Johnson v. JP Morgan Chase Bank*, 536 F. Supp. 2d 1207 (E.D. Cal. 2008) and *Smith v Fireside Thrift Company*, Case No. 07-CV-

8
5:14-cv-04618-RMW
ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

03883-WHA, 2007 WL 2729329 (N.D. Cal. 2007) provide "a more nuanced analysis." Mot. at 8. Reply at 8. First, *Johnson* and *Smith* were decided before the California state court decided *Komarova*. "What is notable is that since the issuance of *Komarova* —i.e., the sole published decision by a California appellate court to address this issue—not a single federal court has found Rosenthal Act claims to be barred by the litigation privilege." *Huy Thanh Vo v. Nelson & Kennard*, 931 F. Supp. 2d 1080, 1097 (E.D. Cal. 2013).

Second, *Smith* has been distinguished by *Ansari*, which noted that "[w]hile the plaintiff in *Smith* did allege a violation of the RFDCPA, the defendant there did not move to strike the RFDCPA claim. The court therefore had no opportunity to discuss the interaction between the litigation privilege and the RFDCPA." *Ansari*, 2013 WL 4347621 at *9 (citation omitted).

Finally, *Johnson* actually supports Picard, because *Johnson* held that "[w]here the Rosenthal Act and the litigation privilege conflict, then the Rosenthal Act, as the more specific statute, prevails over the more general litigation privilege. . . .[T]he statutes are not irreconcilable if the plaintiff fails to state a Rosenthal Act claim, or alleges activity outside of the litigation context." 536 F. Supp. 2d at 1211-12. Here, Picard has presented enough evidence for a reasonable fact finder to conclude that defendants' violated the RFDCPA by filing a false proof of service. *See also Ansari*, 2013 WL 4347621 at *10. Accordingly, the court cannot determine as a matter of law that defendants' actions are protected by California's litigation privilege.

**E. There are Material Issues of Fact as to Whether Plaintiff Was Properly Served**

The parties dispute whether Picard was properly served. The proof of service at issue here states that Tejada served copies of the summons and complaint, and other documents related to the state collection case, on "John Doe, CO-RESIDENT, who accepted service, with identity confirmed by verbal communication, a white male approx... 25-35 years of age, 5'4"-5'8" tall, weighing 160-180 lbs with brown hair." Dkt. No. 31 (Tejada Decl. Ex. B).

Defendants rely on California Code of Civil Procedure § 415.20(a), which permits service by "leaving a copy of the summons and complaint . . . at his or her usual mailing address. . . with

9
5:14-cv-04618-RMW
ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

1  the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons

2  and complaint by first- class mail, postage prepaid to the person to be served at the place where a

3  copy of the summons and complaint were left."  Defendants contend, and Picard does not actually

4  dispute, that Picard's "usual mailing address" was his brother's home.  Therefore, defendants argue

5  that by delivering the papers to Picard's brother and then mailing another copy to the same address

6  service was accomplished.  *See* Tejada Decl. at ¶ 9.  That may be true, if Tejada actually left the

7  relevant papers with Picard's brother.  The brother, however, has filed a declaration stating that

8  "[t]he man [Tejada] did not leave any papers with me for Derek.  The man never came back, and

9  no other person has come to my home to give papers to Derek."  Adam Picard Decl. at ¶¶ 4-6.

10  Accordingly, if Tejada did not leave the papers with the brother, the Proof of Service of Summons

11  was materially false.

12  Defendants are correct that they enjoy the presumption of valid service.  According to that

13  presumption, "[a] signed return of service constitutes prima facie evidence of valid service 'which

14  can be overcome only by strong and convincing evidence.'" *S.E.C. v. Internet Solutions for Bus.*

15  *Inc.*, 509 F.3d 1161, 1163 (9th Cir. 2007) (quoting *O'Brien v. R.J. O'Brien & Associates, Inc.*, 998

16  F.2d 1394, 1398 (7th Cir. 1993)).  Plaintiff thus must meet a heightened burden to rebut that

17  presumption.  Nonetheless, Picard offers more than just his own declaration that he was not

18  served, he also offers a sworn statement from his brother.  *See* Adam Picard Decl., Dckt. No. 34.

19  While this is not conclusive evidence rebutting the presumption, it is sufficient to establish a

20  genuine issue of material fact as to whether plaintiff has met his burden to rebut the presumption

21  of valid service with "strong and convincing evidence."  As the record currently stands, there is a

22  triable issue of fact as to whether Picard was served.  Accordingly, the court DENIES the motion

23  for summary judgment.

24  **III. ORDER**

25  For the reasons explained above, the court DENIES the motion for summary judgment.

26  **IT IS SO ORDERED**.

27  10
5:14-cv-04618-RMW
28  ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Dated: June 1, 2015

*Ronald M. Whyte*

Ronald M. Whyte
United States District Judge

11
5:14-cv-04618-RMW
ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT